UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.                                                  Case No. 8:22-cv-02635-KKM-AEP

KEN CREEL STUCCO AND
STONE, INC.

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff United Specialty Insurance Company ("USIC") brought this action against Defendant Ken Creel Stucco and Stone Inc., ("Ken Creel" or "Defendant") seeking declaratory relief regarding insurance coverage and Plaintiff's duty to defend and indemnify Defendant related to an underlying lawsuit in state court (Doc. 1). After Ken Creel failed to appear, USIC moved for entry of default against Ken Creel (Doc. 12), which the Clerk of Court subsequently entered (Doc. 13). USIC now moves for entry of a default declaratory judgment against Ken Creel (Doc. 14). For the following reasons, it is recommended that USIC's Motion for Default Judgment (Doc. 14) be granted.

**I.  Background**

USIC, a surplus lines insurer, is a Delaware corporation with its principal place of business in Texas (Doc. 1, ¶ 5). Ken Creel, a Florida corporation with its principal place of business in Florida, purchased a surplus lines commercial liability

policy from USIC under Policy No. DCI00151-00, for the period of July 12, 2016 to July 12, 2017 ("the Policy") (Doc. 1, ¶ 19). The Policy includes multiple endorsements changing the Policy, including a Condominium, Townhouse, Tract or Track Exclusion which states:

> A. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
>   1. "New construction" operations performed on any work on, for or involving condominium townhomes, or single-family tract homes . . . .
>
>   3. For the purpose of this endorsement "new construction" operations shall mean:
>
>      a. Design, supervision, project management, construction of, or work performed by you or on your behalf on the original construction of a condominium, townhome, tract or track home.
>
>         Tract or track home means any one of a group of similar homes built in the same area, project or subdivision, by the same or different builder.
>
> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the operations described above even if other causes contribute to or aggravate the "bodily injury," "property damage," or "personal and advertising injury". It is the intent of this endorsement to exclude from this insurance all claims, demands, or suits as above described. There shall therefore be no duty or obligation on our part under this insurance to defend, respond to, investigate or indemnify anyone, including but not limited to you, your agents, servants, or employees, or any third parties for any such claim, demand or suit.

(Doc. 1-7, at 68).

In early 2022, two homeowners, Ingrid Vazquez and Jose Caraballo, filed suit in the Circuit Court of Hillsborough County, Florida naming Ken Creel as a

2

defendant – *Ingrid Vazquez, et al., v. NVR, Inc., et al.*, Case No. 2021-CA-004548. (Doc. 1, ¶¶ 7-8; Doc. 1-1). The homeowners also sued NVR, Inc. ("NVR"), whom they hired to construct their house (Doc. 1, ¶ 10). According to the Complaint, NVR hired Ken Creel to install the house's stucco exterior (Doc. 1, ¶ 11). The homeowners sued Ken Creel and NVR for damages arising out of Ken Creel's work on the original construction of the house (Doc. 1, ¶ 23). The homeowners alleged that Ken Creel and NVR are liable for Ken Creel's "inadequate and improper installation of the various components of the stucco system and exterior envelope on the Home" (Doc. 1, ¶¶ 6, 12) (citing Doc. 1-1, ¶ 22). Additionally, NVR filed a third-party complaint and a crossclaim against Ken Creel for contractual indemnity, violation of the applicable building code, breach of contract, and negligence (Doc. 1, ¶ 13).

According to USIC, the subject house, which is located in Wimauma, Florida, is in a subdivision known as the "Ayersworth Glen Phase 3A" (Doc. 1, ¶ 15). All of the houses in the Ayersworth Glen Phase 3A subdivision are single-family tract homes built by NVR as a tract development (Doc. 1, ¶ 16). The subject house in the underlying lawsuit is a single-family tract house (Doc. 1, ¶ 17).

USIC initiated the instant action seeking a declaratory judgment that it has no duty to defend or indemnify Ken Creel because the Policy's Condominium, Townhouse, Tract or Track Exclusion bars coverage based on the allegations against Ken Creel in the underlying lawsuit (Doc. 1).

3

## II.     Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Following entry of a default under Rule 55(a), a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact, and, therefore, before entering a default judgment under Rule 55(b), a district court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[1] If the allegations of the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against the defendant. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288-89 (S.D. Fla. 2016). Although a defaulted defendant is deemed to admit the well-pleaded allegations of fact, the defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citation and quotation omitted). Rather, entry of a default judgment is only warranted where a sufficient basis exists in the pleadings for the judgment entered. *Surtain*, 789 F.3d at 1245 (citation omitted).

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* (citation omitted). Namely, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In addition to the pleadings, the court may also consider evidence presented in support of the motion for default judgment, including testimony and affidavits. *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-civ-61389, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment). At all times, the decision to enter a default judgment remains within the discretion of the district court. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### III. Discussion

#### A. Subject Matter and Personal Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in

controversy exceeds $75,000 (Doc. 1, ¶ 2). The Court also has personal jurisdiction over Ken Creel because it is incorporated in and has its principal place of business in Florida (Doc. 1, ¶ 6). *See* Fed. R. Civ. P. 4(k); Fla. Stat. § 48.193.

### B. Service of Process

In seeking a default judgment, Plaintiff bears the burden of establishing proper service of the complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Here, Ken Creel was properly served through service on Kenneth Creel at Ken Creel's registered address (Doc. 10). *See also* Fla. Stat. § 48.081. Despite being served on December 15, 2022, Ken Creel failed to respond or file an answer to the Complaint by January 5, 2023. As more than twenty-one days expired since service

of the summons and Complaint, a clerk's default was properly entered against Ken Creel.

### C. Declaratory Judgment

A party seeking declaratory relief must demonstrate "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). If the claim concerns the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citations omitted). "Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such purpose." *Auto-Owners Ins. Co. v. Whatley*, 2006 WL 3792018 at 1 (M.D. Ga. Nov. 7, 2006), *citing State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 817 (M.D. Ga. 1982).

As indicated, USIC moves for entry of a default judgment on its sole claim seeking a declaratory judgment regarding its duties to defend and indemnify. In a diversity case, such as this, the substantive law of the forum state applies. *S.-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017); *Sphinx*

*Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (citations omitted). Accordingly, to determine whether USIC owed a duty to defend or indemnify, the Court must look to Florida law. *S.-Owners Ins. Co.*, 872 F.3d at 1164.

Notably, "[u]nder Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify." *Am. Home Assur. Co. v. Vreeland*, No. 8:05-CV-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5 (Fla. 2004)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) (citing *Higgins*, 894 So. 2d at 9) ("A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify.").

"An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). "The duty to defend, which is broader than the duty to indemnify, 'depends solely on the allegations in the complaint filed against the insured.'" *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (quoting *Tropical Park, Inc. v. United States Fid. & Guar. Co.,* 357 So. 2d 253, 256 (Fla. Dist. Ct. App. 1978)). Thus, the Court considers only the state court Complaint of the underlying lawsuit and the language of the Policy in determining whether USIC has a duty to defend.

In contrast, "[a]n insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (citation omitted). Generally, an insurer's duty to indemnify is dependent on the outcome of a case; thus, a declaratory action on the duty to indemnify is premature until the underlying claim is resolved. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) (citing *Northland Cas. Co.*, 160 F. Supp. 2d at 1360) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."). "The only exception to this general principle is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *Northland Cas. Co.*, 160 F. Supp. 2d at 1360 (citations omitted). Accordingly, given that the duty to indemnify is narrower than the duty to defend, the duty to indemnify cannot exist where no duty to defend arises. *Clarendon Nat'l Ins. Co. v. Vickers*, 2006 WL 8434796, at *3 (S.D. Fla. May 25, 2006) (collecting cases).

In Florida, an insurance policy is treated like a contract, and thus ordinary contract principles govern the interpretation and construction of such policy. *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356. "The resolution of a dispute regarding insurance coverage begins with a review of the plain language of the insurance policy as bargained for by the parties." *Koikos v. Travelers Ins. Co.,* 849 So. 2d 263,

9

266 (Fla. 2003) (citation omitted). Florida courts give terms used in a policy their plain and ordinary meaning and read the terms in the light of the skill and experience of ordinary people. *Id.* at 881 (citation omitted); *see Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356 (citations omitted) (stating that insurance contracts are construed according to their plain meaning under Florida law); *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (citation omitted) (indicating that Florida law provides that insurance contracts be construed in accordance with the plain language of the policies as bargained for by the parties). Generally, Florida courts interpret provisions providing coverage as broadly as possible to ensure the greatest amount of coverage. *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356 (citations omitted). However, provisions excluding or limiting the liability of an insurer are construed more strictly than provisions providing coverage. *U.S. Fire Ins. Co. v. Freedom Village of Sun City Center, Ltd.*, 279 F. App'x 879, 880 (11th Cir. 2008) (citation omitted).

      In the instant case, the Condominium, Townhome, Tract or Track Exclusion bars coverage for property damage arising out of construction of, or work performed by Ken Creel on the new construction of a "tract or track home," which means "any one of a group of similar homes built in the same area, project, or subdivision." (Doc. 1-7, at 68). Taking USIC's allegations as admitted as a result of Ken Creel's default, there is no dispute that the subject house in the underlying lawsuit is a single-family home built as a track development (Doc. 1, ¶ 16). Moreover, there is no dispute that the underlying lawsuit seeks relief against Ken Creel for his work on the subject house (Doc. 1, ¶ 12-13). The plain reading of the contractual language

10

unambiguously limits the Policy's coverage and excludes coverage from incidents involving work on new construction of a tract or track home. Therefore, USIC has no duty to defend and as a result, no duty to indemnify with regard to the property damage at issue in the underlying lawsuit and is entitled to entry of a default declaratory judgment. *See Evanston Ins. Co. v. Heeder*, 490 F. App'x 215, 217 (11th Cir. 2012) (affirming summary judgment finding no duty to defend or indemnify where classification limitation endorsement limited coverage to residential roofing, and contractor sought declaration that coverage applied in relation to commercial roofing project).

### IV.  Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. USIC's Motion for Default Judgment (Doc. 14) be GRANTED.

2. A default declaratory judgment be entered in favor of Plaintiff United Specialty Insurance Company and against Defendant Ken Creel Stucco and Stone Inc., and indicate the following:

    a. The surplus lines commercial liability policy bearing number DCI00151-00, for the period of July 12, 2016 to July 12, 2017 does not provide liability coverage to Ken Creel as a result of the property damage alleged in the underlying lawsuit due to the Condominium, Townhouse, Tract or Track Exclusion;

    b. USIC maintains no duty to defend Ken Creel under the surplus lines commercial liability policy bearing number DCI00151-00 for any damages claimed by Ingrid Vazquez and Jose Caraballo as a result of the property damage alleged in the underlying lawsuit due to the Condominium, Townhouse, Tract or Track Exclusion;

    c. USIC maintains no duty to indemnify Ken Creel under the surplus lines commercial liability policy bearing number DCI00151-00 for any damages claimed by Ingrid Vazquez and Jose Caraballo as a result of the property damage alleged in the underlying lawsuit due to the Condominium, Townhouse, Tract or Track Exclusion.

3. The Clerk be directed to close this case and terminate any remaining deadlines.

IT IS SO REPORTED in Tampa, Florida, this 28th day of June, 2023.

*/s/ Anthony E. Porcelli*
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record